# EXHIBIT A

## SETTLEMENT AND RELEASE AGREEMENT

This Settlement and Release Agreement, dated as of December 23, 2015 (this "Settlement Agreement" or "Settlement"), is entered into by and between CEP Reorganization, Inc., formerly known as ClearEdge Power, Inc. and CEP Reorganization, LLC, formerly known as ClearEdge Power, LLC ("Debtors" or "Defendants"), who are the debtors and debtors-in-possession in the chapter 11 bankruptcy cases jointly administered under Case Number 14-51955-CN-11, on the one hand, and Peter Wojciechowski ("Class Representative"), on behalf of himself and members of the certified Class (together with the Class Representative, the "Class Members" or "Class"), on the other hand. The Debtors and the Class Members are collectively referred to herein as the "Parties," or, as to each, a "Party."

## RECITALS

WHEREAS, on May 1, 2014 ("Petition Date"), Defendants filed for bankruptcy in this Court under chapter 11 of title 11, United States Code ("Bankruptcy Code"). The cases are being jointly administered under Bankruptcy Case Number 14-51955-CN-11.

WHEREAS, prior to the Petition Date, Defendants employed certain employees, including the Class Members, in their business operations;

WHEREAS, prior to the Petition Date, Defendants terminated certain of their employees, on or about April 25, 2014, and within 30 days of that date;

WHEREAS, Defendants believe that all of the terminations made were in compliance with all applicable laws, including the Worker Adjustment and Retraining Notification Act, 29 U.S.C. §§ 2101 *et seq.*, (the "WARN Act") and relevant state laws;

WHEREAS, on or about May 2, 2014, the Class Representative filed with the Bankruptcy Court for the Northern District of California a class-action complaint commencing an adversary proceeding against Defendants, on behalf of himself and on behalf of the Class Members, alleging that Defendants violated the WARN Act by ordering plant closings and/or mass layoffs on or about April 25, 2014 without providing sixty (60) days advance notice thereof. The Class Representative also sought payment for himself and the Class Members for all unpaid wages, including unpaid accrued vacation pay and fringe benefits, in violation of Conn. Gen. Stat., §§ 31-76k, 31-71a to 31-71i ("Connecticut Wage Law") collectively the "WARN Action". The Class Representative further asserted that, as a consequence of Defendants' alleged failure to provide notice in compliance with the WARN Act, the Class Members each have allowed wage priority claim for up to $12,475 under 11 U.S.C. § 507(a)(4) and (5), with the remainder as a general unsecured claim, equal to the sum of: unpaid wages, salary, commissions, bonuses, accrued holiday pay, accrued vacation pay pension and 401(k) contributions and other ERISA benefits, for 60 days, all determined in accordance with 29 U.S.C. §2104(a)(1)(A), or in the alternative a first priority administrative expense claim against Defendants pursuant to 11 U.S.C. § 503(b)(1)(A)(ii) in favor of Plaintiff and the Class Members. The WARN Action is entitled *Wojciechowski v. ClearEdge Power, Inc.,* et al., Adv. No. 14-4152-CN (Bankr. N.D. CA);

WHEREAS, on August 1, 2014, Defendants filed their Answer to the Complaint (Doc. 9).

WHEREAS, on October 27, 2014, the Court entered its Order granting PLAINTIFF'S MOTION FOR CLASS CERTIFICATION AND RELATED RELIEF (Dkt. # 29) and certified a class comprising Plaintiff and other similarly situated former employees who worked at or reported to one of Debtors' Facilities and were terminated without cause on or about April 25, 2014, or within 30 days of that date, or were terminated as the reasonably foreseeable consequence of the mass layoffs and/or plant closings ordered by Debtors on or about April 25, 2014, who are affected employees, within the meaning of 29 U.S.C. § 2101(a)(5), and who have not filed a timely request to opt-out of the class. Notice of the Class Action was sent to the Class on December 22, 2014 (Dkt. # 32), with an opt-out deadline of January 22, 2015. No class member elected to opt-out of the Class. (Dkt. # 34). Based on the books and records of Defendants, the Class Members eligible to share in the settlement are listed on the attached Schedule 1. Eligible Class Members are Class Members who neither resigned nor continued to work for the business 60 or more days after April 25, 2014.

WHEREAS, on May 18, 2015, Plaintiff served his FIRST REQUEST FOR PRODUCTION OF DOCUMENTS and FIRST SET OF INTERROGATORIES to Defendants. Defendants responded on July 22, 2015.

WHEREAS, on May 11, 2015, the parties attended Mediation in San Francisco before mediator, Christopher Sullivan, Esq. The parties were unable to reach a settlement at that time, but continued to engage in informal settlement discussions regarding the strengths and weaknesses of the Parties' claims and defenses and exchanged data to assist in determining the maximum theoretical damages.

WHEREAS, on June 30, 2015, the Parties filed a STIPULATION TO EXTEND DISCOVERY CUT-OFF AND RELATED DEADLINES. The Court entered the Order on July 10, 2015 and extended discovery to September 18, 2015. (Dkt. # 44).

WHEREAS, on August 7, 2015, Defendants served their FIRST REQUEST FOR PRODUCTION OF DOCUMENTS and FIRST SET OF INTERROGATORIES TO PLAINTIFF; and

WHEREAS, all Parties recognize that the outcome of the WARN Action is uncertain. The Parties also acknowledge that Defendants have limited resources and that recoveries to Class Members and other creditors can best be maximized by resolving the WARN Action in a consensual manner and avoiding extensive, costly and uncertain litigation.

## SETTLEMENT

NOW, THEREFORE, as material consideration and inducements to the execution of this Settlement Agreement, and in consideration of the mutual promises and agreements set forth herein, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged and intended to be binding, the Parties hereby agree as follows (the "Settlement"):

1. **Settlement Filings.** The Parties shall file a joint motion under Fed. R. Bankr. P. 9019 and 7023 for approval of the Settlement through a bifurcated hearing process ("Settlement Motion"). The Settlement Motion shall request an initial hearing at which time the Parties shall seek entry of an order of the Bankruptcy Court preliminarily approving the Settlement, and approving the form and manner of notice to the Class Members of the Settlement, including, among other things, their right to object to the Settlement in person or to appear by counsel. The Parties shall also request a date for a final fairness hearing ("Fairness Hearing"). At the Fairness Hearing, the Bankruptcy Court shall consider final approval of the Settlement. The Settlement is subject to the entry of a final order by the Bankruptcy Court approving this Settlement Agreement under Fed. R. Bankr. P. 9019 and 7023, after notice and hearing to creditors and parties in interest, in accordance with applicable law and local rules ("Settlement Order"). The Settlement Order shall be deemed final when fourteen (14) days have elapsed from the entry Settlement Order, with no notice of appeal filed or after the Settlement Order is finally affirmed on appeal, whichever first occurs.

2. **Effective Date.** The "Effective Date" of this Settlement Agreement shall be the later of either (i) the date upon which Settlement Order has become final or (ii) the occurrence of the effective date of the Debtor's chapter 11 plan ("Plan") confirmed by the Bankruptcy Court to 11 U.S.C. § 1129. In the event that the Effective Date does not occur: (a) this Settlement Agreement and the recitals contained herein shall be without force or effect, and neither the Settlement Agreement, nor any of the statements contained herein, shall be admissible in any proceeding involving the Parties; (b) neither the Settlement Motion nor any of the pleadings filed in support thereof shall be admissible in any proceeding involving the Parties; and (c) none of the provisions hereof shall prejudice or impair any rights, remedies or defenses of any of the Parties.

3. **The Priority Claim.**

(a) On the Effective Date, the Class shall be awarded an allowed priority claim pursuant to 11 U.S.C. § 507(a)(4) in the amount of One Million Three Hundred Thousand Two Hundred Seventeen Dollars and Forty-three cents ($1,300,217.43) (the "Priority Claim") jointly against Defendants ("WARN Claim"). The WARN Claim shall be satisfied in full by a payment in that amount ("Settlement Payment") to be distributed in accordance with the terms set forth below and in the Plan as soon as reasonably practicable following the Effective Date, but not later than twenty-one (21) days following the Effective Date. All distributions made by Defendants on account of the WARN Claim shall be referred to herein as the "WARN Claim Distributions" and the Settlement Payment to be distributed pursuant to the Settlement shall be referred to herein as the "Settlement Fund."

(b) The Parties agree that the WARN Claim shall be allowed against Defendants in favor of the Class in complete and total satisfaction of the WARN Action. The Parties further agree that, except as otherwise expressly set forth in this Settlement Agreement, any and all payments by, and obligations of, Defendants under this Settlement Agreement, including, but not limited to, the obligation to pay the Class Representative Service Payments, Class Counsel's Fees, Class

3

Counsel's Expenses[1], and the Class Members' individual share of applicable employee payroll taxes, shall be payable exclusively from the Settlement Fund. For the avoidance of doubt, Defendants shall be responsible for the payment of the employer's share of applicable payroll taxes, which is the only payment obligation of Defendants under the Settlement Fund that shall not be paid from the WARN Claim.

(c) Notwithstanding anything to the contrary in this Settlement Agreement, nothing herein shall prohibit Defendants from objecting to (i) any Class Members' status as a member of the Class or (ii) any claim filed by a Class Member that is not part of the WARN Action.

(d) The Parties agree that Class Counsel may exercise its discretion in allocating WARN Claim Distributions among the Class Members and shall assume legal responsibility for the allocation of the WARN Claim Distributions and Settlement Fund. For the purposes of the allocation, Class Counsel shall be entitled to rely on the Defendants' books and records, and Defendants shall be entitled to rely on the instructions from Class Counsel in making the WARN Claim Distributions

    4.    **Responsibilities of Class Counsel.** Class Counsel shall be responsible for the production and mailing of all notices required to be provided to the Class Members ("Class Notices"). The address of Class Counsel will be used as the return address for the Class Notices and Class Counsel will respond to all inquiries of the Class arising from or related to this Settlement. Class Counsel shall also be responsible for calculating the allocation of each Class Member's net share of the WARN Claim as set forth in paragraph 7(c) below.

    5.    **Responsibilities of Defendants.** Defendants, their bankruptcy estate, or any disbursing agent of Defendants appointed under a plan of reorganization confirmed by the Bankruptcy Court, shall be responsible for the preparation, issuance and mailing of the individual settlement checks to Class Members, withholding and remitting all applicable taxes to the appropriate taxing authorities, remitting Class Counsel's Fees and Expenses, preparing all tax forms required in connection with this Settlement in accordance herewith, providing notice of returned checks and remailing same as provided herein, and with any other orders of the Bankruptcy Court.

    6.    **The Allocation and Disbursement of the Settlement Fund.**

(a) Class Counsel's Fees and Class Counsel's Expenses. Subject to Court approval, Class Counsel is entitled to attorneys' fees ("Class Counsel's Fees") in the amount of thirty-three and one third percent (33⅓%) of the Settlement Fund, net of (a) litigation expenses (including costs associated with the production and mailing of the class notice) not to exceed $10,000.00 ("Class Counsel's Expenses"), and (b) the Class Representative Service Payment (defined below). Class Counsel's Fees and Class Counsel's Expenses will be distributed to Class Counsel (according to instructions to be supplied by Class Counsel) contemporaneously with the distribution of proceeds from the WARN Claim to Class Members and shall be payment in full for Class Counsel's work and expenses in connection with this matter. For the avoidance of doubt, the

---

[1] The terms Class Representative Service Payments, Class Counsel's Fees and Class Counsel's Expenses are defined in Section 6 below.

4

Parties agree that Class Counsel's Fees and Class Counsel's Expenses shall be payable solely from WARN Claim Distributions and from no other source. Class Counsel shall be issued a Form 1099 by Defendants for Class Counsel's Fees and Class Counsel's Expenses.

(b) <u>Service Payment to the Class Representative</u>. Subject to Court approval, the Class Representative shall receive a one-time payment of Ten Thousand Dollars ($10,000.00) as compensation for his service in this matter ("<u>Class Representative Service Payment</u>"). Defendants shall distribute this payment to the Class Representative at the same time and in addition to his individualized WARN Claim Distribution, and Class Counsel's Fees shall not be deducted from the Class Representative Service Payment. For the avoidance of doubt, the Parties agree that the Class Representative Service Payment shall be payable solely from WARN Claim Distributions and from no other source. The Class Representative Service Payment shall be characterized as non-employee compensation to the Class Representative and shall be reported to any applicable taxing authorities on behalf of the Class Representative on a Form 1099 issued to the Class Representative with his taxpayer identification number.

(c) <u>Allocation of the Settlement Fund to Class Members</u>. The WARN Claim Distributions, after being first reduced by (i) the Class Representative Service Payment, (ii) Class Counsel's Fees and (iii) Class Counsel's Expenses, shall be allocated by Class Counsel to each Class Member on a pro rata basis based on the relationship that such Class Member's potential damages under the WARN Act bears to the aggregate potential damages of all Class Members under the WARN Act. Following receipt of the allocation from Class Counsel, the Estate shall make payments directly to Class Members ("<u>Class Members' Pro Rata Share</u>"). The WARN Claim Distributions made to individual Class Members shall be characterized as employee compensation and shall be reported to any applicable taxing authorities on a Form W-2 issued by Defendants to such Class Member with his or her taxpayer identification number. Each Class Member's total allowed priority claim under 11 U.S.C. § 507(a) against Defendants shall be reduced by the Class Members' Pro Rata Share of the Priority Claim including the Class Members' Pro Rata Share of (i) the Class Representative Service Payment, (ii) Class Counsel's Fees and (iii) Class Counsel's Expenses (i.e., assuming that the full amount of the Priority Claim was distributed to Class Members). The Settlement Fund shall be allocated to each Class Member and the total reduction of each Class Member's remaining priority claim under 11 U.S.C. § 507(a) is attached hereto as <u>Exhibit A</u>.

7. **Returned and Uncashed Settlement Checks and any Residual Fund.**
Following the WARN Claim Distributions, Defendants shall provide Class Counsel with the names of those Class Members whose settlement checks have been (i) returned as undeliverable or (ii) remain uncashed or unnegotiated. Upon Class Counsel's written notice to Defendants of a Class Member's updated correct address for any returned settlement checks, Defendants shall, within 10 days of receipt of said notice from Class Counsel, mail the returned settlement check to the Class Member at such corrected address. Upon Class Counsel's written notice of a Class Member's need for a "stop payment" on their settlement check and reissuance, Defendants shall, within 10 business days of receipt of said notice from Class Counsel, stop payment on the settlement check and reissue it, as requested. In the event that there are any Settlement Funds remaining for any reason, including Settlement checks which are not deposited, endorsed or negotiated, within ninety (90) days of their issuance, such residual funds shall be held another sixty (60) days ("<u>Residual Fund Waiting Period</u>") to be used to make distributions to any

5

individual who is subsequently determined to have been eligible to receive a distribution as a Class Member but was not on the Class Member distribution list. Undistributed funds remaining after the Residual Fund Waiting Period shall become property of the liquidating trust to be established under the Plan, free and clear of any and all claims and interests of the Class Members, but subject to further redistribution in accordance with Defendants' plan of confirmation.

8. **The Class Notice.** Class Counsel shall bear the responsibility of the preparation of the Class Notices. Class Counsel's address will be used as the return address for the Class Notices so that any returned Class Notices will be returned to Class Counsel. Class Counsel shall mail the Class Notices by first class mail to the Class Members no later than five (5) business days after preliminary approval of this Settlement by the Bankruptcy Court. The Class Notice, which includes the objection form ("Objection Form"), shall be in substantially the form annexed hereto as Exhibit B or such substantially similar form as may be approved by the Bankruptcy Court. In the event that a Class Notice is returned as undeliverable, Class Counsel shall mail the Class Notice to the corrected address of the intended Class Member recipient as may be determined by Class Counsel through a search of a national database or as may otherwise be obtained by the Parties.

9. **Contents of the Class Notice**. The Class Notice shall contain the following information:

(i) That the Settlement shall become effective only if it is finally approved by the Bankruptcy Court under Fed. R. Bankr. P. 7023 and 9019;

(ii) That, if so approved, the Settlement shall be effective as to all Class Members;

(iii) That such Class Member has the right to object to this Settlement either in person or through counsel and be heard at the Fairness Hearing; and

(iv) That all Released Claims (defined below) of a Class Member (other than those claims to be paid under the terms of this Settlement) shall be waived, and that no person, including the Class Member, shall be entitled to any further distribution thereon.

10. **Objection to Settlement Procedures**. At or before such time as may be fixed by the Bankruptcy Court for final approval of this Settlement at the Fairness Hearing, a Class Member may object to this Settlement by sending timely written notice of such objection ("Notice of Objection") to Class Counsel and counsel for Defendants at the addresses set forth in Section 20(c) below and filing such Notice of Objection with the Bankruptcy Court. Such objection shall clearly specify the relief sought and the grounds for such relief. In addition:

(a) To be effective, the Notice of Objection must be postmarked no later than the date fixed by the Bankruptcy Court. Class Counsel shall provide counsel for Defendants with copies of each Notice of Objection received from Class Members within one (1) business day following receipt thereof.

6

(b) Any Class Member whose objection is sustained by the Court shall not have an allowed claim against Defendants by reason of this Settlement Agreement and shall retain his or her rights against Defendants, if any. Defendants reserve all rights against any Class Member who is excluded from this Settlement including the right to assert that such Class Member did not file a timely proof of claim in the Case.

(c) Notwithstanding anything to the contrary in this Settlement, nothing contained herein shall release or impair the rights and claims, if any, of any Class Member who does not participate in this Settlement, nor shall anything contained herein affect the defenses and offsets that Defendants, its estates, its respective subsidiaries, its respective affiliates, any successors or assigns thereto, or any of the present or former officers, directors, employees, agents, attorneys, consultants, stockholders or members of any thereof may have against any such rights or claims.

## 11. The Waiver and Release of any Released Claims by All Class Members if the Settlement Becomes Effective.

(a) <u>Released Claims of Class Members</u>. Except for the rights arising out of, provided for, or reserved in this Settlement Agreement, upon the Effective Date, the Class Members, for and on behalf of themselves, and their respective predecessors, successors, assigns, heirs, personal representative and estates (collectively, the "<u>Releasing Parties</u>"), do hereby fully and forever release and discharge (i) Defendants ClearEdge Power, Inc. and ClearEdge Power, LLC and their respective estates, (ii) each of Defendants' current and former shareholders, officers, directors, employees, accountants, attorneys, representatives and other agents, and all of their respective predecessors, successors and assigns, excluding any third parties which may or may not be affiliated with Defendants ClearEdge Power, Inc. and ClearEdge Power LLC, including, but not limited to, Kohlberg Ventures LLC., (the "<u>Released Parties</u>") of and from any and all claims, demands, debts, liabilities, obligations, liens, actions and causes of action, costs, expenses, attorneys' fees and damages of whatever kind or nature, at law, in equity and otherwise, whether known or unknown, anticipated, suspected or disclosed, which the Releasing Parties may now have or hereafter may have against the Released Parties, which relate to or are based on the WARN Action or claim under federal, state or local law or regulation arising out of the termination of the Class Members' employment by Defendants, including, but not limited to: (a) all claims asserted or that could have been asserted based on the facts alleged in the WARN Action; (b) the individual WARN Act claims; and (c) any other claims for back pay or benefits based on or arising out of any federal, state or local statute, ordinance or regulation; provided, however, that the following claims and/or rights shall not be released: severance pay based on a collective bargaining agreement or employer policy or practice, any claims for continuation of health or medical coverage, at the Class Member's expense, or at the expense of a beneficiary or dependent of a Class Member, to the extent allegedly required by the relevant provisions of the Consolidated Omnibus Budget Reconciliation Act of 1985; and rights, if any, unrelated to Class Members' WARN claims, under Defendants' 401(k) plans or collective bargaining agreements. The claims released hereunder are referred to herein as the "<u>Released Claims</u>." The Released Parties expressly reserve the right to object to, offset or oppose any and all claims, obligations, or causes of action, of any type, except those claims expressly allowed hereunder. On the Effective Date, in accordance with this Settlement, the Class Members agree that any claims that have been scheduled on behalf of, or filed by, the Class Representative or the Class Members in the Cases, on account of any alleged violation of the WARN Act, including, without limitation, all

7

individual WARN claims filed by Class Members, are disallowed in their entirety and shall be deemed expunged from Defendants' schedules or claims register, as applicable. In addition, each Releasing Party shall be deemed as of the Effective Date to have released the Class Representative from any and all claims whether liquidated or unliquidated, contingent or non-contingent, asserted or unasserted, fixed or not, matured or unmatured, disputed or undisputed, legal or equitable, known or unknown that he or she may have against the Class Representative, any successors or assignees to his legal interests, or any of their present or former agents, attorneys or consultants arising out of any Released Claim or the terms of this Settlement.

(b) <u>California Civil Code Section 1542</u>. With respect to all the matters herein released, the Releasing Parties knowingly waive any and all rights and benefits conferred by the provisions of Section 1542 of the Civil Code of the State of California, and any similar law of any state or territory of the United States or any other jurisdiction. Said Section 1542 provides as follows:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

(c) <u>Plan Releases</u>. The Plan shall also contain provisions providing that the Releasing Parties shall release the Released Parties from the Released Claims.

      12.    **<u>Dismissal of WARN Act Litigation</u>**. Dismissal with prejudice of the WARN Action shall be executed in a form agreeable to the Parties ( the "<u>Dismissal</u>"). Class Counsel shall file the Dismissal with the Bankruptcy Court within fourteen (14) days following the WARN Claim Distributions in accordance with this Settlement and the Plan. Dismissal of the WARN Action shall not abate or limit the effectiveness of the Settlement Order, including the releases set forth herein and the terms and conditions of this Settlement.

      13.    **<u>No Litigation</u>**. Except as may be necessary to enforce the terms of this Settlement, the Debtor, the Class Representative, Class Counsel, the Releasing Parties, and any other person who accepts payment hereunder agree that she or he shall not commence or proceed with any action, claim, suit, proceeding or litigation on the Released Claims, or take any action inconsistent with the terms of the Settlement.

      14.    **<u>No Admission of Liability</u>**. This Settlement is intended to settle and dispose of the Released Claims. Nothing herein shall be construed as an admission by any Party of any facts or liability of any kind.

      15.    **<u>Representations and Warranties</u>**. Each Party represents and warrants that upon Bankruptcy Court approval of this Settlement and Plan effectiveness, it will have the legal right and authority to enter into this Settlement and the transactions and releases contemplated hereby.

      16.    **<u>Further Assurances</u>**. The Parties shall cooperate fully and shall execute and deliver any and all supplemental papers, documents, instruments and other assurances and shall

do any and all acts that may be reasonably necessary or appropriate to give full force and effect to the terms and intent of this Settlement.

17. **No Third-Party Beneficiaries.** This Settlement does not constitute a contract for the benefit of any third parties, any prior creditors or claimants of the Parties, or any non-party, other than Class Members in relation to the provisions of this Settlement. This Settlement shall not inure to the benefit of any third party purchasers who purport to obtain the Named Plaintiffs' and Class Members' claims through assignment, transfer or otherwise. Class Counsel and the Trustee shall be under no obligation to distribute settlement payments to other than the Named Plaintiffs and Class Members themselves, or their representatives, heirs, executors, administrators, personal representatives, legal representatives, agents, and attorneys.

18. **Continuing Jurisdiction of Bankruptcy Court**. The Bankruptcy Court shall have full jurisdiction over this Settlement and any dispute or controversy arising from or related to the interpretation or enforcement of this Settlement.

19. **Miscellaneous Provisions**.

(a) <u>Governing Law/Jurisdiction</u>. Except where superseded by applicable federal law, this Settlement Agreement shall be governed by the laws of the State of California.

(b) <u>Governing Provisions</u>. Except as provided herein, in the event of a conflict between the Plan and this Settlement, the terms of this Settlement Agreement shall govern.

(c) <u>Notices</u>. Any notice or other communication required or permitted to be delivered under this Settlement between Class Counsel, Defendants or from any Class Member to the Class Counsel, Defendants and/or the Bankruptcy Court shall be (i) in writing, (ii) delivered personally, by courier service or by first-class postage prepaid, (iii) deemed to have been received on the date of delivery, and (iv) addressed as follows (or to such other address as the Party entitled to notice shall hereafter designate by a written notice filed with the Bankruptcy Court):

**If to Defendants, to:**

DORSEY & WHITNEY LLP, 305 Lytton Avenue, Palo Alto, CA 94301, Attention: Stephen O'Neill
    Robert A. Franklin

**If to Class Members or Class Counsel, to:**

OUTTEN & GOLDEN LLP, 3 Park Avenue, 29th Floor New York, New York 10016, Attention: Jack A. Raisner
    René S. Roupinian

(d) <u>Non-Severability</u>. Each of the provisions of this Settlement is a material and integral part hereof. In the event that one or more of the provisions of this Settlement shall become invalid, illegal or unenforceable in any respect, the entire Settlement shall be deemed null and void unless all the Parties agree otherwise.

9

(e) <u>Amendments</u>. This Settlement may not be modified, amended or supplemented by the Parties except by a written agreement that the Parties have signed with any required approval of the Bankruptcy Court.

(f) <u>Integration</u>. This Settlement contains the entire agreement among the Parties with respect to the matters covered by this Settlement, and no promise or understanding or representation made by any Party or agent, director, officer, employee or attorney of any Party that is not expressly contained in this Settlement shall be binding or valid.

(g) <u>Interpretation</u>. This Settlement was the product of negotiations between the parties and any rule of construction requiring that ambiguities are to be resolved against the drafting party shall not apply in the interpretation of this Settlement.

(h) <u>Headings</u>. The headings of this Settlement are for convenience only and are not part of the Settlement and do not in any way define, limit, extend, describe or amplify the terms, provisions or scope of this Settlement and shall have no effect on its interpretation. Where appropriate, the use of the singular shall include the plural and the use of the masculine gender shall include the feminine gender as well.

(i) <u>Signatures</u>. Facsimile or other electronic copies of signatures on this Settlement are acceptable, and a facsimile or other electronic copy of a signature on this Settlement shall be deemed to be an original.

(j) <u>Counterparts</u>. This Settlement may be executed in one or more counterparts, each of which together or separately shall constitute an original and which, when taken together, shall be considered one and the same binding agreement.

(k) <u>Cooperation</u>. The Parties agree to cooperate with one another to effectuate an efficient and equitable implementation of this Settlement; provided that nothing herein shall require the Debtor to breach any commitments that they may have to any other person or entity, including the purchaser of their assets and any secured lenders.

(l) <u>Binding Nature of Settlement</u>. This Settlement shall be binding upon and shall inure to the benefit of the Parties hereto and their respective successors, transferees, assigns, heirs and estates

(m) <u>Recitals</u>. The Recitals are hereby incorporated in full and made a part of this Settlement Agreement.

Dorsey & Whitney LLP


By: _____
Stephen O'Neill
Robert Franklin

Counsel to Debtors ClearEdge Power, Inc. and ClearEdge Power, LLC

10

Outten & Golden LLP

By: *[signature]*
Jack A. Raisner
René S. Roupinian

Class Counsel for Plaintiff and the Class